*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

TACHELLE LANDIN,

Plaintiff-Appellant,

v

DEPARTMENT OF HEALTH AND HUMAN
SERVICES,

Defendant-Appellee.

FOR PUBLICATION
November 13, 2024
10:58 AM

No. 367356
Bay Circuit Court
LC No. 2022-003277-CD

Before: PATEL, P.J., and YATES and SHAPIRO,* JJ.

SHAPIRO, J.

In *Tyrrell v Univ of Mich*, 335 Mich App 254; 966 NW2d 219 (2020), this Court held in a published and precedentially binding opinion that when a state entity is sued in Circuit Court, as opposed to the Court of Claims, the plaintiff need not file a claim or notice of intent within a year after accrual as otherwise required by MCL 600.6431(1). Relying on that decision, plaintiff, Tachelle Landin, filed suit in circuit court without complying with the requirements of the statute. After plaintiff did so, the Supreme Court issued its opinion in *Christie v Wayne State University*, 511 Mich 19; 993 NW2d 203 (2023), holding that the requirements of MCL 600.6431(1) apply to all suits against the state, including those filed in circuit court. The *Christie* opinion did not state whether or not it should be applied retroactively.

The circuit court read *Christie* as requiring full retroactivity and given plaintiff's failure of notice, dismissed the case. Plaintiff appeals as of right. While her appeal was pending, a panel of the Court of Appeals held in *Flamont v Dep't of Corrections*, ___ Mich App ___; ___) NW3d ___ (2024) (Docket # 367683), a case filed before the decision in *Tyrrell* was issued, that in that circumstance *Christie* did not establish a new rule of law and should be applied retroactively. We take no issue with *Flamont's* application of *Christie* to cases not affected by the *Tyrrell* decision. However, the question whether it should be applied retroactively to those cases in which the plaintiff relied upon the then-binding precedent of *Tyrrell* did not arise in *Flamont*. Indeed, *Flamont* makes no reference to cases filed in reliance on *Tyrrell* which is not surprising since the

---

\* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

-1-

plaintiff could not and did not assert any such reliance given that the notice period applicable in *Flamont* had run before *Tyrrell* was decided. Flamont, \_\_\_\_Mich App at \_\_\_; slip op at 1-2.

The question whether *Christie* should be applied retroactively to post-*Tyrrell*/pre-*Christie*[1] cases is now before us. And we conclude that because *Tyrrell*, despite being wrongly decided, was binding precedent at the relevant time in this case, the decision in *Christie* was a new rule of law as to it and similarly-situated cases. We further conclude that plaintiff's reliance interest was such that the *Christie* decision should not be applied retroactively as to her. Accordingly, we reverse the circuit court's ruling summarily dismissing plaintiff's lawsuit and remand for further proceedings.

## I. MCL 600.6431 AND A CHRONOLOGY OF EVENTS

Section 6431 of the Court of Claims Act (COCA), MCL 600.6401 *et seq.*, provides, in pertinent part, as follows:

(1) Except as otherwise provided in this section, a claim may not be maintained against this state unless the claimant, within 1 year after the claim has accrued, files in the office of the clerk of the court of claims either a written claim or a written notice of intention to file a claim against this state or any of its departments, commissions, boards, institutions, arms, or agencies.

(2) A claim or notice under subsection (1) must contain all of the following:

(a) A statement of the time when and the place where the claim arose.

(b) A detailed statement of the nature of the claim and of the items of damage alleged or claimed to have been sustained.

(c) A designation of any department, commission, board, institution, arm, or agency of the state involved in connection with the claim.

(d) A signature and verification by the claimant before an officer authorized to administer oaths. [MCL 600.6431.]

In *Tyrrell*, 335 Mich App at 257-258, an opinion issued by this Court on December 22, 2020, the panel addressed and construed MCL 600.6431, ruling:

At issue in this appeal is whether a plaintiff who files an action in circuit court against a state defendant is required to comply with MCL 600.6431(1) of the . . . COCA . . . . This in turn requires us to address whether compliance with MCL 600.6431(1) is a question of governmental immunity or a question of compliance

---

[1] In other words, to circuit court cases that were in a procedural posture wherein *Tyrrell*'s interpretation of MCL 600.6431 was binding precedent in Michigan during the one-year notice or filing period following accrual of a claim.

with the rules for proceeding in the Court of Claims. For the reasons explained in this opinion, we conclude that compliance with MCL 600.6431(1) both (1) does not implicate governmental immunity absent the Legislature conditioning its consent to be sued on compliance with the COCA, and (2) *is only necessary for claims proceeding in the Court of Claims*. We therefore affirm. [Emphasis added.]

After an extensive analysis, the *Tyrrell* panel held that "a plaintiff properly bringing a claim in circuit court against the state or a state defendant to which MCL 600.6431 applies is not required to comply with MCL 600.6431 for his or her claim to proceed in that court." *Tyrrell*, 335 Mich App at 272.[2]

After *Tyrrell* was issued in December 2020, plaintiff filed a complaint in the circuit court in May 2022 against defendant, the Department of Health and Human Services, (DHHS), alleging that during her employment as a Children's Protective Services specialist in the DHHS's Bay County office, plaintiff, an African-American female, was harassed and discriminated against on the basis of her race in violation of the Elliot-Larsen Civil Rights Act (ELCRA), MCL 37.2101 *et seq*. Plaintiff never filed "in the office of the clerk of the court of claims either a written claim or a written notice of intention to file a claim against" the DHHS. MCL 600.6431(1). Plaintiff was first transferred to the Bay County office in July 2019, and the underlying acts giving rise to the allegations in the complaint primarily transpired between June 2021 and November 2021, at which time plaintiff was terminated from her employment. During that timeframe in 2021, *Tyrrell* governed with respect to the construction of MCL 600.6431, and *Tyrrell* was still firmly in place and binding when the complaint was filed in May 2022 and when a one-year period elapsed in November 2022 as measured from November 2021—the latest date of accrual. After November 2022, it was no longer possible for plaintiff to comply with MCL 600.6431(1).

In July 2022, the DHHS filed an answer to the complaint, generally denying plaintiff's allegations, and it filed affirmative defenses, which included failure to state a claim, governmental immunity, and lack of engagement in protected activity. Subsequently, on May 2, 2023, the Michigan Supreme Court issued its opinion in *Christie* and held as follows:

We conclude that all parties with claims against the state, except those exempted in MCL 600.6431 itself, must comply with the notice requirements of MCL 600.6431(1). This includes claims against the state brought in the circuit court. Because it concluded to the contrary, we overrule *Tyrrell*. It is undisputed in this case that plaintiff did not comply with MCL 600.6431(1) within one year of the accrual of her claims. Accordingly, we reverse the judgment of the Court of Appeals and remand this case to the Wayne Circuit Court for entry of summary disposition in favor of defendant. [*Christie*, 511 Mich at 64-65.]

---

[2] In *Tyrrell*, the "[p]laintiff filed a complaint against defendants in circuit court alleging discrimination and retaliation in violation of Michigan's Persons with Disabilities Civil Rights Act (PWDCRA), MCL 37.1101 *et seq*." *Tyrrell*, 335 Mich App at 258. We note that the Supreme Court dismissed the application for leave to appeal in *Tyrrell* because the application was filed too late. *Tyrrell v Univ of Mich*, 507 Mich 990 (2021).

In *Christie*, the plaintiff had alleged that during 2017 she was subjected to acts and communications by her employer that amounted to age discrimination, and she filed suit in circuit court in April 2019 absent compliance with MCL 600.6431(1). *Id.* at 45-46. Even though the *Christie* Court effectively applied its ruling retroactively to the parties before it, *Tyrrell* was not released until approximately 20 months after the complaint was filed in *Christie*. In other words, the plaintiff in *Christie* was not proceeding on the basis or with the benefit of *Tyrrell*; there was no reliance on *Tyrrell*.

Returning to the case at bar, the DHHS moved for summary disposition shortly after *Christie* was released, arguing that plaintiff failed to comply with the requirements detailed in MCL 600.6431(1) and that summary dismissal was warranted by our Supreme Court's recent holding in *Christie*. Plaintiff responded that *Christie* should not apply retroactively because *Tyrrell* had expressly permitted plaintiff to file suit in the circuit court without complying with the one-year notice or filing requirement of MCL 600.6431(1).

In June 2023, the circuit court held a hearing on the DHHS's motion for summary disposition, and it took the matter under advisement. The circuit court subsequently issued an opinion and order granting the DHHS's motion for summary disposition, opining that our Supreme Court implicitly indicated that *Christie* had retroactive application when the Court applied its analysis and ruling to the facts of the case and to the facts in a contemporaneously-issued opinion in *Elia Cos, LLC v Univ of Mich Regents*, 511 Mich 66; 993 NW2d 392 (2023).[3] The circuit court concluded that plaintiff's claims were therefore barred due to her failure to abide by the requirements of MCL 600.6431(1). This appeal ensued.

## II. ANALYSIS

The resolution of this appeal hinges on whether *Christie* must be applied retroactively such that plaintiffs whose cases were governed by *Tyrrell* during the relevant notice period are subject to dismissal for failing to comply with the one-year notice or filing requirement of MCL 600.6431(1).[4] In Michigan, the well-established general rule is that a judicial decision is to be

---

[3] Citing its decision in *Christie*, the Supreme Court in *Elia Cos* stated that, "[a]s an initial matter, we reject plaintiff's argument that it was not required to comply with the notice and verification requirements of MCL 600.6431 because plaintiff initially filed suit in the circuit court rather than in the Court of Claims." *Elia Cos*, 511 Mich at 71. In *Elia Cos*, the plaintiff alleged multiple causes of action arising from a lease with the defendant, and the actions at issue occurred in 2017 and 2018, with the complaint being filed in August 2018. *Id.* at 69. Accordingly, *Tyrrell* had no bearing on the plaintiff's actions in *Elia Cos* as it was not released until December 2020.

[4] We review de novo a trial court's ruling on a motion for summary disposition. *Christie*, 511 Mich at 47. "Whether plaintiff was required to comply with MCL 600.6431 of the COCA is an issue of statutory interpretation that this Court likewise reviews de novo." *Id.* "Whether a judicial decision should have retroactive application is a question of law and is reviewed de novo." *Gabrielson v The Woods Condo Ass'n, Inc*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket Nos. 364809 and 364813); slip op at 7.

-4-

given complete retroactive effect. *League of Women Voters of Mich v Secretary of State*, 508 Mich 520, 564-565; 975 NW2d 840 (2022). But if an injustice might result from giving a decision full retroactive effect, our Supreme Court has adopted a more flexible approach, giving a holding limited retroactive or prospective effect. *Id.* at 565.[5]

As part of the retroactivity analysis, a threshold question is whether the judicial decision clearly established a new principle of law. *Id.* A principle or rule of law is considered "new" for purposes of the retroactive-versus-prospective inquiry when an established precedent–such as *Tyrrell*– is overruled or when an issue of first impression is decided that was not foreshadowed by any earlier appellate decision. *Id.* at 566. Although a judicial opinion may give effect to the Legislature's intent as reasonably inferred from the text of a governing statute, the opinion, practically speaking, can still be characterized as being akin to the announcement of a new rule of law when it corrects previous erroneous interpretations of the statute. See *Pohutski v City of Allen Park*, 465 Mich 675, 696-697; 641 NW2d 219 (2002). The *Pohutski* Court, in expressing this proposition, relied in part on *Gusler v Fairview Tubular Prod*, 412 Mich 270, 298; 315 NW2d 388 (1981), wherein the Supreme Court observed:

> Although our holding is based on what we perceive to have been the intent of the legislature at the time of enactment of the provisions discussed, in practical effect, given the contrary interpretations of the law by the Director of the Bureau of Workers' Compensation and the bureau's subdivisions, the Workers' Compensation Appeal Board and its hearing referees, and the Court of Appeals, today's holding is not unlike the announcement of a new rule of law. Its application therefore should be treated accordingly.

Next, when a judicial holding establishes a "new principle of law," we must continue the analysis by next taking into consideration the following three factors: "(1) the purpose to be served by the new rule, (2) the extent of the reliance on the old rule, and (3) the effect of retroactivity on the administration of justice." *League of Women Voters*, 508 Mich at 565-566 (quotation marks and citations omitted).

With these principles in mind, we first conclude that the holding in *Christie* that a party suing the state must comply with MCL 600.6431(1) even if the action is pursued in circuit court

---

[5] "Rules determined in opinions that apply retroactively apply to all cases still open on direct review and as to all events, regardless of whether such events predate or postdate our announcement of the rule[s]." *McNeel v Farm Bureau Gen Ins Co of Mich*, 289 Mich App 76, 94; 795 NW2d 205 (2010) (quotation marks and citation omitted; alteration in original). "Rules determined in opinions that apply prospectively only, on the other hand, not only do not apply to cases still open on direct review, but do not even apply to the parties in the cases in which the rules are declared." *Id*.

constituted a new rule or principle of law as to those cases filed when the holding in *Tyrrell* constituted binding precedent. It is clear that *Christie* overruled precedent established in *Tyrrell*, and although our Supreme Court in *Christie*, 511 Mich at 57, expressed that it was giving effect to the intent of the Legislature as inferred from the text of MCL 600.6431(1), the correction of the erroneous interpretation by the panel in *Tyrrell* effectively announced a new rule of law as to those cases to which *Tyrrell* applied. See *League of Women Voters*, 508 Mich at 566; *Pohutski*, 465 Mich at 696-697. The precedent set by *Tyrrell* was clear and unambiguous, i.e., there is no need to comply with MCL 600.6431(1) in a circuit court action against the state, and the ruling in *Christie* was just as clear and unambiguous, i.e., compliance with MCL 600.6431(1) is required regardless of the judicial forum. The distinction between these two holdings was not vague, hazy, or indefinite; rather, *Christie* reflected a 180-degree change in the law, in relation to the governing law defined in *Tyrrell*.[6] Finding the threshold issue to be fully satisfied, we now proceed with our examination of the three factors recited above from *League of Women Voters*.

With respect to the purpose to be served by the new rule, the *Christie* Court did not specifically engage in an assessment of the purpose to be served by its ruling outside of simply determining the intent of the Legislature and giving effect to that intent. The Supreme Court did explain:

> This Court has recognized that MCL 600.6431(1)'s notice requirements ensure that the proper state entity learns about a potential claim, can prepare for litigation, and can create reserves to cover potential liability. There is no logical reason to conclude that the Legislature intended state defendants be notified when a party intends to sue them in the Court of Claims but not when the party intends to sue them elsewhere. [*Christie*, 511 Mich at 63-64 (citation omitted).]

With respect to the extent of the reliance on the old rule, given that *Tyrrell* was a published opinion and represented binding precedent squarely regarding the necessary steps to take or not to take when suing the state or state entities in circuit court, see MCR 7.215(C)(2) and (J)(1), the extent of the reliance by plaintiff and other similarly-situated plaintiffs on the old rule was extremely significant.

Finally, with respect to the effect of retroactivity on the administration of justice, we conclude that this factor strongly favors plaintiff considering that retroactive application of

---

[6] Since *Christie* clarified the intent of the Legislature that passed MCL 600.6431 many years ago, it can be said to have determined that it was "always" the law that notice has to be provided in circuit court cases. However, we do not require nor permit parties to disregard binding authority even if it is incorrect–until and unless that authority is overruled. What constitutes the rule of law applicable to a party is, by definition, what the most recent binding precedent says it is. Simply put, parties must rely on the law as the binding precedent has defined it. What makes a rule "new" for purposes of retroactivity analysis does not concern the soundness of the rule enunciated in a decision on which the party relied; rather the test is whether the rule, even if misguided, was set forth in binding precedent. While legal theorists may debate whether an overruled decision was ever "the law" in some ultimate or platonic sense, the reality of litigation is that the applicable rule of law is defined by the binding precedent in effect at the relevant time.

*Christie*'s construction of MCL 600.6431(1) would be patently unjust and inequitable. The administration of justice would not be served and would in fact be circumvented wholesale by punishing plaintiff with the wholesale loss of her cause of action—without consideration of its merits—when she did nothing more than abide by the law as set forth during the pertinent timeframe by this Court in its opinion in *Tyrrell*, a case directly and indisputably on point at the time. This would also be the case in regard to plaintiffs in other suits against the state who were in a similar posture and relied on *Tyrrell* to guide their actions. On the other hand, we see no injustice to the state where plaintiff was terminated in November 2021 and the lawsuit was filed a mere six months later in May 2022; therefore, the DHHS received notice of plaintiff's claims in under a year.

In sum, we conclude that upon weighing the three pertinent factors, they weigh against applying *Christie* retroactively to cases in which plaintiffs reasonably relied on *Tyrrell* in making the decision not to provide the notice in MCL 600.6431(1). That said, we feel it necessary to address and examine some other arguments in favor of retroactive application.

Our Supreme Court has vacated some decisions by this Court and remanded the cases for reconsideration in light of *Christie.* See *Deitert v Univ of Mich Bd of Regents*, 512 Mich 930, 930 (2023); *Mich Immigrant Rights Ctr v Whitmer*, 511 Mich 1017, 1017-1018 (2023). But we do not read these orders as being contrary to our ruling. First, the Supreme Court did not vacate and remand the cases for entry of judgment in favor of the defendants in light of *Christie*; rather, the Supreme Court simply directed this Court to consider the impact of *Christie* on the resolution of those appeals, without any statement or indication that *Christie* necessarily applied retroactively. Furthermore, in *Deitert*, this Court had noted that "[w]eeks prior to oral argument in the instant case, another panel of this Court issued a published opinion in *Tyrrell*." *Deitert v Univ of Mich Bd of Regents*, unpublished per curiam opinion of the Court of Appeals, issued August 26, 2021 (Docket No. 349059), p 1. Therefore, as a matter of timing, under no circumstance could the plaintiff in *Deitert* have relied on *Tyrrell* in choosing not to comply with MCL 600.6431(1). And in *Mich Immigrant Rights Ctr*, the plaintiff brought the action in the Court of Claims, not the circuit court, so it has no bearing on our reasoning and ruling. See *Mich Immigrant Rights Ctr v Whitmer*, unpublished per curiam opinion of the Court of Appeals, issued May 30, 2024 (Docket Nos. 361451 and 362515), p 1.

Although the Supreme Court in *Christie* and *Elia Cos* did not state that the holdings were retroactive, it could be implied given that its construction of MCL 600.6431(1) was applied directly to the cases before the Court. See *Proctor v Saginaw Co Bd of Comm'rs*, 340 Mich App 1, 26; 985 NW2d 193 (2022) (indicating that it would not be fair or logical for the Supreme Court's holding to be applied just to the parties before it but not retroactively applied to parties in other cases). But, importantly, the *Proctor* panel added the caveat that the principle or proposition applies "to cases in which the parties are *similarly situated*." *Id.* at 26-27 (emphasis added). As indicated earlier, plaintiff in the instant case was not similarly situated to the plaintiffs in *Christie* and *Elia Cos* because *Tyrrell* had yet to be issued when the plaintiffs in the Supreme Courts cases failed to abide by MCL 600.6431(1). Here, plaintiff took a rational and legally sound course of action in not filing the notice under MCL 600.6431(1) because *Tyrrell* clearly dictated that doing so was wholly unnecessary when commencing suit against the state in a circuit court.

In *Rowland v Washtenaw Co Rd Comm*, 477 Mich 197; 731 NW2d 41 (2007), our Supreme Court addressed the 120-day notice provision in MCL 691.1404(1) that is applicable to the defective-highway exception to governmental immunity. The trial court denied the road commission's motion for summary disposition despite the plaintiff's late notice because binding Supreme Court precedent provided, on constitutional grounds, that a failure to comply with the notice requirement could only serve as a basis for dismissal on immunity grounds if the governmental agency was prejudiced by the lack of compliance with MCL 691.1404(1), even though the statute contained no language regarding prejudice. *Id.* at 201, 210. The *Rowland* Court overruled the precedent, concluding "that the plain language of this statute should be enforced as written: notice of the injuries sustained and of the highway defect must be served on the governmental agency within 120 days of the injury." *Id.* at 200. The Court then proceeded to engage in a fairly lengthy analysis regarding whether its decision should have retroactive effect, using the principles and factors that we employed in the instant case. *Id.* at 220-223. The *Rowland* Court, in ruling that its decision applied retroactively, did state at the very end of its discussion as follows:

> [W]e are mindful of the fact that the public fisc is at risk in these cases. The decision to expand the class of those entitled to seek recovery against the government should be in the hands of the Legislature. This Court does not have the authority to waive the government's immunity from suit, and tax dollars should only be at risk when a plaintiff satisfies all the prerequisites, including a notice provision, set by the Legislature for one of the exceptions to governmental immunity. [*Id.* at 222-223.]

Nevertheless, the Court still found it necessary to analyze the retroactive-versus-prospective factors. The *Rowland* Court emphasized that the precedent being overruled deviated from the plain language of the statute, which had no "prejudice" requirement. *Id.* at 222. Comparatively, we do not believe that MCL 600.6431(1) is as clear regarding whether it applies to circuit court actions. Regardless, the Court in *Rowland* also stated that "in the instant case, there exist no exigent circumstances that would warrant the 'extreme measure' of prospective application" because "*no one was adversely positioned*, we believe, in reliance on" the existing precedent. *Id.* at 221 (emphasis added). It is important to understand that the precedent overruled in *Rowland* did *not* provide that notice or timely notice was not required; rather, the overruled precedent simply indicated that an action could proceed even if MCL 691.1404(1) was not satisfied, but only if the governmental agency suffered no prejudice. It would defy logic for a plaintiff not to comply with MCL 691.1404(1) on the mere hope that prejudice would ultimately not be found. Here, however, the then-controlling precedent, *Tyrrell*, ruled that a plaintiff did not have to file notice under MCL 600.6431(1) when commencing an action in the circuit court. It would be entirely reasonable and logical not to file the notice in MCL 600.6431(1) when caselaw clearly indicated that doing so was wholly unnecessary. That was the situation in which plaintiff in this case found herself.

## III. CONCLUSION

We hold that *Christie* does not apply retroactively to circuit court cases that were in a procedural posture wherein *Tyrrell*'s interpretation of MCL 600.6431 was the law in Michigan

during the one-year notice or filing period following accrual of a claim.  Such was the situation with respect to plaintiff's case against the DHHS.

We reverse and remand for further proceedings consistent with this opinion.  No costs shall be awarded.  We do not retain jurisdiction.

/s/ Douglas B. Shapiro
/s/ Sima G. Patel